MATHEWS, Chief Justice
(dissenting).
This is an appeal by T. J. Galatis et al. v. Marguerite G. Plasman et al.
The Galatis family was originally composed of Jerry Galatis and Julia Galatis, father and mother of T. J. Galatis, Doro *923 thea G. Roach and Marguerite G. Plasman. Jerry Galatis had been in the restaurant business since 1914, and upon his death in September of 1941, he left surviving his widow, Julia Galatis, his son, T. J. Gala-tis, and the two daughters, Dorothea- G. Roach and Marguerite G. Plasman. He and his son had done business as Galatis & Son and also as Galatis & Galatis. Different members of the Galatis family were interested in Bayshore Caterers, Inc., International Restaurants, Inc., and The 7 Seas, Inc. There were also involved some options to purchase land and other interr ests.
A few months prior to the death of Jerry Galatis there had been prepared some kind of consolidated balance sheet for the Ga-latis family and the corporations and partnerships in which they were interested. This balance sheet was an attempt to determine the net worth of the investment which each member of the Galatis family had in the total enterprises. This balance sheet showed that the International Restaurants, Inc. owed to Jerry Galatis $28,-387, which was omitted from the capital in computing the amount of stock to which he would be entitled in the corporation. There was supposed to have been set up the ■corporation known as The 7 Seas, Inc. and stock was alloted to each member of the family in this corporation. The 7 Seas, Inc., permitted the main restaurant business to be operated by Jerry Galatis and T. J. Galatis, his son, under the firm name of Galatis & Galatis. A few months after this balance sheet and consolidation, Jerry Galatis died and T. J. Galatis was appointed and qualified as administrator of his father’s estate. The appraisers omitted any reference to the indebtedness of the International Restaurants, Inc. to Jerry Galatis in the sum of $28,387, and this is one of the main items of dispute. All of these years T. J. Galatis had been familiar with the affairs of the various enterprises and the books and records. He knew of this indebtedness to his father’s estate but failed to report the same and it was omitted from the report of the appraisers.
After Jerry Galatis’ death, T. J. Galatis 'operated The 7 Seas, Inc. with his mother as a partner. There are various transactions between T. J. Galatis and his mother not necessary to detail here except one in particular whereby agreements were entered into between them by which each of the parties gave to the other a right upon the happening of certain events to purchase the stock in The 7 Seas, Inc. and partnership interests. The written agreements dated in December of 1943 contained options to purchase the survivor’s interest in the business and the corporate stock. In August, 1947, Mrs. Galatis died intestate and T. J. Galatis became the administrator of his mother’s estate. Letters were issued to him on September 19, 1947. On October 2, 1947 T. J. Galatis wrote a letter to himself in which he sought to exercise the options. In this letter he gave himself notice that he elected to exercise the options and offered to purchase from himself “as Administrator of the Estate of Julia Galatis, deceased” the partnership interest of Mrs. Galatis. In December, 1947, as administrator of the estate of Julia Gala-tis, he filed a petition in the County Judge’s Court in Dade County seeking authority to sell the assets , of Galatis & Galatis to himself. His sister protested the exercise of these options and no order was ever entered by the County Judge on these petitions.
This lawsuit resulted from these various transactions which was brought by Mrs. Plasman. Her original complaint was for declaration of a constructive trust and an accounting. Later the suit was amended and in the meantime James A. Dixon was appointed administrator ad litem of the estate of Julia Galatis, deceased, and later T. J. Galatis was formally removed as administrator of his mother’s estate and Dixon was appointed administrator in his place. Still later a final order of discharge of T. J. Galatis, as administrator of the estate of Jerry Galatis, deceased, was set aside and T. J.’Galatis was removed as administrator and W. E. Dunwody, Jr. was appointed in his stead.
*924 There was various charges of fraud, deceit and overreaching made against T. J. Galatis. Although T. J. Galatis was in complete control of the various enterprises and various acts were on the borderline of fraud, deceit and overreaching, tlie Master found that the proof was insufficient to prove actual fraud, and this finding of the Master was sustained by the Chancellor.
After much testimony was taken over a long period of time, the Master filed his report. It was largely one of accounting. The books had been in the complete control of T. J. Galatis. When the report of the Master was filed, all parties filed exceptions. Even though there may have been good reason to sustain some of the exceptions to the report of the Master as to the facts, the Chancellor overruled the exceptions with reference to pure questions of fact and sustained the exceptions 6 and 7 filed by James A. Dixon, as administrator, and the three exceptions filed by W. E. Dunwody, Jr., as administrator. The exceptions sustained related to questions of law and not to disputed questions of fact.
'After the first argument of this case, the Court affirmed the final decree of the Chancellor without opinion. After considerable period of time a re-argument was granted and the re-argument was limited to the exceptions to the report of the Master which were sustained, hereinabove discussed.
It appears that there were two questions of law covered by the exceptions to the Master’s report which were sustained by the Chancellor. The Master found that the amount found to be owing by The 7 Seas, Inc., to Jerry Galatis should be paid to the estate of Julia Galatis instead of to the estate of Jerry Galatis. This finding and recommendation of the Master was erroneous. It was an obvious error on the part of the Master to recommend that the money owed by The 7 Seas, Inc., to the estate of Jerry Galatis should be paid direct to the estate of Julia Galatis. With reference to the $6,214.23 shown on the books of The 7 Seas, Inc., same was a claim against Jerry Galatis and was barred by the Statute of Limitations. The claim of the corporation against Jerry Galatis and his estate after his death was barred by the Statute of Limitations and no claim upon such sum had ever been made against Jerry Galatis during his lifetime and was never filed against his estate and the filing of the claim against Jerry Galatis’ estate had long since expired. The Master failed to apply the Statute of Limitations or the Statute of Non Claim to this item and allowed it as a set-off against the $28,387 which was due by the corporation to the estate of Jerry Galatis. Whether or not these claims were barred by the Statute of Limitations or the Statute of Non Claim or both was purely a question of law.
The stock option agreement and option in the partnership agreement, both dated in December, 1943, set forth the terms and conditions for the exercise of the options, and the facts relating to the attempted exercise of such options are not in dispute. In sustaining the exceptions filed by W. E. Dunwody,' Jr., as administrator de bonis non of the estate of Jerry Galatis, the Court said:
“The three exceptions filed on behalf of W. E. Dunwody, Jr., as Administrator d.b.n. of the Estate of Jerry Galatis, deceased, are hereby sustained. By sustaining said exceptions this Court rules that interest should be paid on the sum of $28,387.00 at the legal rate for the period covered by the indebtedness which is represented by said sum; that the amount due from Seven Seas, Inc., to the Estate of Jerry Galatis is the said sum of $28,387.00, with such interest, and that the Master erred in deducting or recommending the deduction or off-set of $6214.23 as a dqbt due by Jerry Galatis to Seven Seas, Inc., as the latter item is barred by lapse of time; and that the said amount due to [the] Jerry Galatis Estate should be paid to his estate, which has been opened by order of this Court for the purpose of litigating the matter, and said money should not be paid direct to the Julia Galatis Estate.”
*925 In sustaining exceptions 6 and 7 filed by James A. Dixon, as administrator de bonis non of the estate of Julia Galatis, the Court said:
“ * * * and the Court finds that the option agreements referred to in the portion of the Master’s report mentioned in said exceptions were not properly and timely exercised by T. J. Galatis. The Court further finds that the Estate of Julia Galatis is the owner of 11.46 shares, represented by Certificates No. 19 and 22 of the capital stock of Seven Seas, Inc., a Florida corporation. The Court also finds that the Estate of Julia Galatis is the owner of fifty per cent of the assets of the partnership between T. J. Galatis and Julia Galatis created by a partnership agreement dated December 24, 1943, being plaintiff’s exhibit No. 7, and that the provisions of sections 13 and 14 of the said partnership agreement have not been complied with by T. J. Ga-latis, and that said T. J. Galatis is indebted to the Estate of Julia Galatis on account of the provisions of the said partnership agreement in the amount of $5000.00, with interest at six per cent per annum from ten days after the date of qualification of the present Administrator d.b.n.”
There was no genuine dispute as to the facts in reference to'the exceptions which" were sustained. They relate entirely to questions of law. The final decree of the Chancellor in sustaining such exceptions correctly applied the law and corrected obvious errors contained in the report and recommendations of the Master.
The same rule does not apply with reference to the exceptions to the Master’s report as to facts relating to an act over a long period of time and exceptions to a Master’s report relating to questions of law.
The original opinion should be adhered to and the final decree of the Chancellor should bé and the same is hereby affirmed.
SEBRING and BUFORD, JJ., concur.